**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Norfolk Division**

**YAHYA ELWELY,**
**A# 245526698,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv793**

**JEFFREY CRAWFORD, Warden**
***ICA-Farmville Detention Center,***

**And**

**ROBERT GUADIAN,**
***ICE Washington Field Office,***

**Respondents.**[1]

**REPORT AND RECOMMENDATION**

This matter is before the court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner Yahya Elwely ("Petitioner" or "Elwely"). Pet. (ECF No. 1). Elwely also paid the required $5.00 filing fee. (ECF No. 5). Elwely is an immigration detainee of United States Immigration and Customs Enforcement ("ICE"). His petition seeks immediate release from ICE custody or a constitutionally adequate bond hearing. Id. at 3. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 3). For the reasons explained below, the undersigned recommends that the court GRANT IN PART the Petition, (ECF

[1] Although Petitioner only named his actual custodian as a party respondent, the Department of Homeland filed a response as the real party in interest to the petition.

Case 2:26-cv-00793-EWH-DEM Document 9 Filed 08/11/26 Page 2 of 8 PageID# 23

No. 1), and order Respondents to provide Petitioner with a standard bond hearing under 8 U.S.C. § 1226(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Elwely asserts he is a citizen of Mauritania who entered the United States in November 2023. Pet. (ECF No. 1, at 1). He states he was encountered by Customs and Border Protection near San Diego, California and was detained in ICE custody for approximately three days. After three days Petitioner was released from ICE custody and served a Notice to Appear initial removal proceedings. The following month Petitioner filed an application for asylum which he claims remains pending.

Elwely was arrested May 12, 2026, regarding an alleged incident with a passenger that happened on April 28, 2026 while he was working as an Uber driver. The petition alleges the matter remains pending. Elwely has been in immigration custody since May 12, 2026. Id. at 2. He notes that he has a residence, employment history, pending asylum claim, and a record of compliance with immigration proceedings. Id. at 3.

Elwely's Petition, filed July 23, 2026, alleges his prolonged detention without adequate procedural safeguards violates his due process rights under Zadvydas v. Davis, 533 U.S. 678 (2001), and he seeks immediate release from ICE custody or a constitutionally adequate bond hearing. Pet. (ECF No. 1, at 2). Respondents filed a Response to the Petition adopting the arguments presented in Duarte Escobar v. Perry, et al., 807 F. Supp. 3d 564 (E.D. Va. 2025)—as they have done in many cases before this court and others—that Petitioner is an "applicant for admission" and thus should be subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Resp. (ECF No. 8).

Case 2:26-cv-00793-EWH-DEM Document 9 Filed 08/11/26 Page 3 of 8 PageID# 24

## III. DISCUSSION

### A. Elwely's detention is governed by the discretionary detention provisions in 8 U.S.C. § 1226(a) and he is thus entitled to a bond hearing.

Under 28 U.S.C. § 2241, federal courts may issue a writ of habeas corpus one the ground that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Torrence v. Lewis, 60 F. 4th 209, 213 (4th Cir. 2023). "Historically, 'the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" Hasan v. Crawford, 800 F. Supp. 3d 641, 650 (E.D. Va. 2025) (quoting I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001)). In the immigration context, habeas is now "regularly invoked on behalf of noncitizens." Id. As a threshold matter, this court has jurisdiction to consider Elwely's habeas petition challenging his detention because neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of his detention. See id. at 650-51; Quispe v. Crawford, No. 1:25-cv-1472, 2025 WL 2783799, at *2-3 (E.D. Va. Sept. 29, 2025). After considering any response to a habeas petition, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. §2243.

The central issue of Elwely's Petition is whether, as a noncitizen who has already entered the United States, he is entitled to a bond hearing under 8 U.S.C. § 1226(a) or he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

The INA establishes the statutory framework governing the detention of noncitizens in removal proceedings. Relevant here are two sections of that framework distinguishing between noncitizens detained upon arrival into the United States and those already present in the country.[2]

[2] A third form of detention of noncitizens involves those who are subject to a final order of removal. 8 U.S.C. § 1231. These noncitizens are not entitled to a bond hearing but may be entitled to seek release from prolonged detention awaiting removal. See Zadvydas v. Davis, 533 U.S. 678, 682, 701 (2001). Although Elwely's Petition cites Zadvydas,

Case 2:26-cv-00793-EWH-DEM Document 9 Filed 08/11/26 Page 4 of 8 PageID# 25

First, pursuant to 8 U.S.C. § 1225, a noncitizen "applicant for admission"—defined as "[a]n alien present in the United States who has not been admitted or who arrives in the United States"—that is "seeking admission [and] is not clearly and beyond a doubt entitled to be admitted," is subject to mandatory detention. 8 U.S.C. § 1225(a)(1), (b)(1)-(2). On the other hand, under 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision of whether the alien is to be removed from the United States." Id. § 1226(a). This latter form of discretionary detention is the "default rule" for the detention of noncitizens "already present in the United States." Quispe-Ardiles v. Noem, No. 1:25-cv-01382, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting Jennings v. Rodriguez, 583 U.S. 281, 303 (2018)). A noncitizen detained under 8 U.S.C. § 1226(a) is "entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final order." Hasan v. Crawford, 800 F. Supp. 3d 641, 652 (E.D. Va. 2025) (quoting Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025)).

In 2025, the government, through a Board of Immigration Appeals ("BIA") decision, Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), reinterpreted and upended this longstanding statutory framework. As such, the government has been classifying all noncitizens who "entered the United States without inspection as noncitizens 'seeking admission,' no matter how much time has passed between their entrance into the United States and their apprehension by law enforcement," and subjecting them to mandatory detention under 8 U.S.C. § 1225(b) "rather than the discretionary provisions of 8 U.S.C § 1226(a)." Ortega Miranda v. Bondi, et al., No. 3:25-cv-769, 2026 WL 287179, at *4 (E.D. Va. Feb. 3, 2026).

---

his removal proceedings are not yet final. Accordingly, this form of detention does not apply to the matter currently before the court.

Case 2:26-cv-00793-EWH-DEM Document 9 Filed 08/11/26 Page 5 of 8 PageID# 26

In this case, Respondents adopt the arguments presented in Duarte Escobar v. Perry, et al., 807 F. Supp. 3d 564 (E.D. Va. 2025)—that noncitizens like Petitioner who have lived in the United States for many years are applicants for admission subject to mandatory detention without a bond hearing under 8 U.S.C § 1225(b)(2)(A)—which has been considered at length and rejected by numerous courts in this district and other courts across the country. See, e.g., Ceba Cinta v. Noem, No. 1:25-cv-1818, 2025 WL 4053171, at *2 (E.D. Va. Oct. 29, 2025); Duarte Escobar v. Perry, No. 3:25-cv-758, 2025 WL 3006742, at *13 (E.D. Va. Oct. 27, 2025); Quispe v. Crawford, No. 1:25-cv-1471, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) (citing cases).[3] In this recommended decision, I reiterate my alignment with the growing number of district courts rejecting Respondents' arguments and expansive application of 8 U.S.C. § 1225(b).

Here, 8 U.S.C. § 1226(a) governs Petitioner's detention and requires a bond hearing. Petitioner has been residing in the United States and thus is a noncitizen "already in the country" awaiting a "decision on whether [he] is to be removed from the United States" under 8 U.S.C. § 1226(a). Given this, the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) does not apply to Petitioner. Additionally, Petitioner correctly notes that his continued detention absent a bond hearing would also violate his due process rights. See Ortega Miranda, 2026 WL 287179, at *11. Accordingly, I recommend the court find that Petitioner's current detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework and order Respondents to provide Elwely a constitutionally compliant[4] bond hearing with an immigration judge.

---

[3] Some federal judges have accepted the Respondents' arguments. See, e.g., Buenrostro-Mendez v. Bondi, 166 F. 4th 494, 508 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128, 1138 (8th Cir. 2026). These decisions are not binding, and the court is not persuaded by their reasoning for the reasons explained in Barbosa da Cunha v. Freden, 175 F.4th 61, 71-96 (2d Cir. 2026).

[4] Petitioner should be given sufficient notice of the date of bond hearing, an opportunity to be heard in a meaningful manner at the hearing, and a ruling premised on his case-specific circumstances. See Order, Mendez Trigueros v. Guadian, No. 1:26-cv-205, (E.D. Va. Feb. 18, 2026) (ECF No. 13) (ordering that the petitioner be released unless he received a second, "constitutionally compliant" bond hearing).

## III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS the court GRANT IN PART the Petition to the extent Petitioner seeks a bond hearing, and DENY IN PART the Petition to the extent he seeks his immediate release, (ECF No. 1). The undersigned further RECOMMENDS that:

(1) Petitioner be provided a constitutionally compliant, standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); and

(2) Respondents file a status report within three (3) days of the bond hearing, stating whether Petitioner has been granted bond, and if his request for bond was denied, the case-specific reasons for denial given by the Immigration Judge.

## IV. REVIEW PROCEDURES

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

Case 2:26-cv-00793-EWH-DEM Document 9 Filed 08/11/26 Page 7 of 8 PageID# 28

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
August 11, 2026

Case 2:26-cv-00793-EWH-DEM Document 9 Filed 08/11/26 Page 8 of 8 PageID# 29

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Yahya Elwely**
245526698
Farmville Detention Center
P.O. Box N
Farmville, VA 23901

and an electronic copy was provided to:

**Virginia Lynn Van Valkenberg**
United States Attorney's Office
101 W Main St., Suite 8000
Norfolk, VA 23510

Laura G. Griffin, Clerk

By [signature]
Deputy Clerk

8/11, 2026